UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JON M. LUTTMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:10-CV-66 |
| SHERIFF OF JAY COUNTY, et.al., | ) ) ) ) |
| Defendants. | ) ) |

## OPINION and ORDER

### I. INTRODUCTION

In this case, Jon M. Luttman is suing Jay County, its Commissioners, the County Sheriff, and a Deputy Sheriff under 42 U.S.C. § 1983 after a police dog bit him during an arrest on February 21, 2008. This matter is before the Court on the motion of the defendants (except Deputy Sheriff Hankins, the police dog handler) for dismissal of the case under Federal Rule of Civil Procedure 12(b)(6).[1] (Docket # 9.) Luttman does not dispute that dismissal of his case is appropriate concerning Jay County, Indiana, and its County Commissioners—Milo M. Miller, Jr., Faron Parr, and James Zimmerman—and has moved to voluntarily dismiss them under Rule 41. (Docket # 15.)

What remains for resolution then is whether the Sheriff of Jay County, Ray Newton, should also be dismissed. Luttman maintains in his response that although he "does not dispute that at present [Newton] may be entitled to a dismissal of the complaint . . . [,]" any dismissal

---

[1] Subject matter jurisdiction arises under 28 U.S.C. §§ 1331 and 1343. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

should be without prejudice and should provide for the possibility that the sheriff could be brought back in on an amended complaint "if future discovery reveals evidence" providing a basis to do so. (Docket # 16.)

Sheriff Newton responds to this argument by arguing that the very purpose of a Rule 12(b)(6) motion is to protect parties from the time and expense of discovery unrelated to the stated claim and that the possibility of a claim's resurrection could have an impermissible, *in terrorem* effect on settlement. Finally, Sheriff Newton observes that because the incident occurred in February 2008, Luttman had 2 years before filing his suit to determine if he had a viable § 1983 claim against him and apparently failed to do so.

The matter having been fully briefed, the Motion to Dismiss (Docket # 9) will be GRANTED.

## II. FACTUAL BACKGROUND

Luttman's Complaint provides simple notice pleading that he "was attacked by a police dog owned and utilized by the Jay County Sheriff's Department and directed by John Hankins, a Jay County Deputy Sheriff." (Compl. ¶ 1.) He then alleges that the "use of the police dog as described was an unconstitutional use of force" and constituted "excessive force in seizing his person. (Compl. ¶ 2.)

There is no allegation in either the Complaint or in Luttman's response brief suggesting that Sheriff Newton was personally involved in the alleged deprivation or was somehow responsible in a supervisory capacity. Moreover, there is no allegation that a sheriff's department policy, practice, or custom is present, let alone that it caused the deprivation here. In other words, Luttman does not plead a claim under *Monell v. Dep't of Social Servs. of City of*

2

*New York*, 436 U.S. 658 (1978).

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure Rule 12(b)(6), claims may be dismissed for "failure to state a claim upon which relief can be granted". "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits." *U.S. E.E.O.C. v. Roadway Express, Inc.*, No. 06 C 4805, 2007 WL 2198363, at *2 (N.D. Ill. July 31, 2007) (citing *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990)). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a)(2) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

## IV. DISCUSSION

Luttman concedes that his Complaint fails to make out a *Monell* claim against Sheriff Newton, but argues that the inevitable dismissal should be without prejudice and should provide for the possibility that Sheriff Newton can be brought back into the case later if future discovery reveals a basis to do so.

The only case Luttman cites for the proposition that a claim against Sheriff Newton can spring back into existence is *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 463 (7th Cir. 1988), a case where the Seventh Circuit Court of Appeals observed in finding appellate jurisdiction, that if a case remains pending (as will be the case here against Deputy Hankins) there is no final judgment, and generally no appellate jurisdiction, because the complaint can still be amended.[2] As a general proposition, Sheriff Newton does not dispute that Luttman can amend his Complaint under proper circumstances, but maintains that it would be improper for that door to remain open here, after a dismissal, because it would inevitably lead to discovery on a claim Luttman has not, and may never, allege.[3]

Thus, as at least one treatise has observed, since a motion to dismiss under Rule 12(b)(6) raises only an issue of law, the court has no discretion as to whether to dismiss a complaint that is formally or substantively insufficient. 5B Charles Wright & Alan Miller, FEDERAL PRACTICE AND PROCEDURE, § 1357 (3d ed. 2010). This clearly suggests that Luttman's Complaint against Sheriff Newton (presumably in his official capacity) should be dismissed since there is no

---

[2] The plaintiff in *Coniston*, unlike Luttman here, had a right to amend his complaint without leave of court because no answer had been filed; Hankins, however, has filed an Answer (Docket # 8) and thus Luttman would need such leave.

[3] The Court's scheduling order gives Luttman until October 30, 2010, to amend his Complaint and to add any parties. (*See* Docket # 13.)

4

allegation that comes close to implicating *Monell*. Yet, as that same treatise points out, the Court has considerable discretion in deciding when a complaint is insufficient and whether to permit leave to replead. *Id*.

Luttman seems to ask that the Court exercise this discretion and either delay dismissal or make it only provisional, so that he can do discovery on the policies or practices of the Jay County Sheriff's Department and replead to add an official capacity claim within the time frame allotted under the Court's scheduling order. This argument might have some legs to it if backed-up with the type of representation required by Rule 11(b)(3). That Rule requires that by submitting a signed paper to the Court, an attorney is certifying that to the best of his knowledge, information, and belief, formed after a reasonable inquiry, "the factual contentions have evidentiary support or, . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . [.]"

Notably absent from any of Luttman's filings, however, is so much as a whisper that he has the facts to support an official capacity claim or, in the words of Rule 11(b)(3), he will have them "after a reasonable opportunity for . . . discovery." Indeed, Luttman's filings either totally avoid mentioning the claim, as in his Complaint, or merely offer the argument that he may replead against Sheriff Newton "if future discovery reveals evidence" providing a basis to do so. (Resp. Br. 2-3.) Both submissions fall short of Rule 11(b)(3).

Accordingly, it would be an abuse of discretion to permit Luttman to proceed to do discovery on a claim he has not made in his Complaint, and which he studiously avoids suggesting is even likely. The alternative would allow a facile and ill-advised skirting of Rule 11, and it would give Luttman a risk-free discovery fishing license; Sheriff Newton, on the other

hand, would be required to defend against a shadowy claim his opponent merely speculates exists. *Twombly*, 550 U.S. at 555 ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (citations omitted). Thus, the Complaint must be dismissed now and without provision for repleading.

One final matter, Luttman has filed a Motion for Voluntary Dismissal (Docket # 15) asking the Court to dismiss Jay County, Indiana and its Board of Commissioners. Since those defendants have not filed an Answer, however, the motion is actually in the nature of a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and therefore no action by the Court is required.

## V. CONCLUSION

Sheriff Newton's Motion to Dismiss (Docket # 9) is GRANTED, and the Plaintiff shall take nothing from Sheriff Newton on the claim brought under 42 U.S.C. § 1983. Additionally, Jay County, Indiana and the Board of Commissioners for Jay County, Indiana—Milo M. Miller, Jr., Faron Parr, and James Zimmerman—have been dismissed without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i).

SO ORDERED.

Entered this 13th day of May, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge